JAMES G. MARKS and Another v. G. T. JONES.[1]

January 21, 1898.

Nos. 10,911—(260).

**Ejectment—Disclaimer of Interest—Master and Servant—Judgment of Dismissal.**

In an action of ejectment, the defendant, in his answer, not only disclaimed any beneficial interest in the premises, but also denied that he was in the possession or occupancy of them, and alleged that he was merely employed in their cultivation as the hired servant of another. *Held*, that he had no right to litigate the title with the plaintiffs; that, according to his own allegations, all he was entitled to was a judgment of dismissal.

**Same—Judgment for Possession—Harmless Error.**

A judgment against him for the possession (no costs being taxed) was, under the circumstances, at most, error without prejudice.

Appeal by defendant from a judgment in favor of plaintiffs entered in the district court for Stearns county, pursuant to the findings and order of Baxter, J., and from an order of the court denying his motion for a new trial. Affirmed.

*M. D. Taylor*, for appellant.

*G. W. Stewart*, for respondents.

MITCHELL, J.

Action of ejectment commenced in August, 1896. In their complaint the plaintiffs derived their title through the foreclosure of a mortgage executed in May, 1890, to one Clarke by one Bridgeman, the then owner of the premises, who subsequently conveyed the equity of redemption to one Cook. The complaint then alleged that subsequently Cook leased the premises to the defendant, who was in possession under the lease.

The defendant, by way of defense, first alleged that the mortgage referred to was fully paid before the alleged foreclosure, and then denied that he ever entered into a lease with Cook for the premises, or that by virtue of any lease he has ever been in the

[1] Reported in 73 N. W. 961.

possession or occupancy of the premises, and alleged the facts to be that in March, 1896, he entered into a contract of hire with Cook, by the terms of which he agreed to work for Cook, and cultivate and harvest a crop upon the premises; that in pursuance of this contract he cultivated and harvested a crop upon the land during the season of 1896; that he was not, and never had been, the owner of any part of the crop, or in any manner authorized to sell or dispose of the same; that, under and in pursuance of said contract of hire, he was in possession of said crop, and not otherwise.

In other words, the defendant not only disclaimed any beneficial interest in the premises, but also denied that he was in the possession or occupancy of them, and alleged that he was merely engaged in cultivating them as the hired servant of Cook. Such a servant is not an occupant of the land, within the meaning of the law of ejectment, and no action for the possession could be maintained against him. Newell, Ej. § 42. Defendant's answer was therefore a disclaimer of any beneficial interest in the premises, and a denial that he was even in the possession or occupancy of them. According to his own allegations, it was neither his right nor his duty to defend the title of his employer. He had no right to litigate the title to the premises with the plaintiffs. All that he was entitled to was to have the action dismissed, with costs. Hence there was no error in the trial court excluding evidence that the mortgage under which plaintiffs claimed had been paid.

The action was tried in January, 1897, and the court ordered judgment in favor of the plaintiffs and against the defendant for the possession of the premises,—subject, however, to the right of the defendant to enter upon the premises at any time within thirty days after notice to him of the entry of judgment, and remove therefrom any of the crops raised by him during the farming season of 1896. No judgment for costs has been entered against him. On his own showing, the judgment for possession cannot prejudice him, and the condition attached in his favor is more than he was entitled to. This disposes of everything touching the merits of the case, and we do not feel called upon to search through the confused maze of the record for technicalities.

Order and judgment affirmed.